UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAUGHER RANCH ORGANICS, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GREAT HOST INTERNATIONAL, INC., dba ANDALUCIA NUTS, a Texas corporation,<br><br>Defendant. | No. 2:21-cv-00646-MCE-DB<br><br>**ORDER** |

Presently before the Court is Plaintiff Baugher Ranch Organics' ("Plaintiff") Motion for Leave to File a First Amended Complaint which seeks to add a new cause of action for fraud. ECF No. 23; see also Pl.'s Mem. ISO Mot. Leave to File First Am. Compl., ECF No. 23-1 ("Pl.'s Mem."). For the following reasons, Plaintiff's Motion is DENIED.[1]

Generally, a motion to amend is subject to Federal Rule of Civil Procedure 15(a),[2] which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, once a pretrial scheduling order is filed

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

pursuant to Rule 16, "that rule's standards control[]."[3]  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992).

Under Rule 16(b), a party seeking leave to amend must demonstrate "good cause," which "primarily considers the diligence of the party seeking the amendment." Id. at 609.  "Although the existence or degree of prejudice to the party opposing modification might supply additional reasons to deny a motion [to amend], the focus of the inquiry is upon the moving party's reasons for seeking modification."  Id.  "If that party was not diligent, the inquiry should end."  Id.  Only upon a finding of good cause will the court then evaluate the request to amend the complaint in light of Rule 15(a)'s liberal standard.[4]

Here, Plaintiff argues that amendment is warranted because it discovered additional facts through the deposition of Sal Zeini, Defendant Great Host International, Inc.'s ("Defendant") Person Most Knowledgeable and Vice President of Operations.  See Pl.'s Mem., at 4.  However, that deposition was taken on August 9, 2022, almost a year before this Motion was filed on July 18, 2023.  See Ex. B, Ellis Decl., ECF No. 23-2, at 115.  Plaintiff has not provided any explanation as to why it waited this long to file the pending Motion.  It asserts that the Court did "not set a deadline by which the parties were to seek leave to amend to add new claims and/or parties."  Pl.'s Mem., at 16.  But the Pretrial Scheduling Order provides that "[w]ithin thirty (30) days of service of the complaint on the last party, or from the date of removal, whichever is later, the parties shall amend the complaint or join any parties pursuant to the Federal Rules of Civil Procedure.  No other joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  ECF No. 2, at 2 (emphasis added). Waiting 11 months to seek leave to amend does not establish good cause.

///

---

[3] The Court issued its Initial Pretrial Scheduling Order on April 12, 2021.  See ECF No. 2.

[4] Plaintiff's Motion relies on Rule 15 in seeking leave to amend.  See Pl.'s Mem., at 15–16. However, because a Pretrial Scheduling Order was already issued, Plaintiff's Motion must be analyzed under Rule 16 and the Court construes the Motion as having been made under that Rule.

  Furthermore, this case has already been pending for over two years, and the deadlines to complete non-expert discovery (September 2, 2022) and file dispositive motions (March 1, 2023) have long passed.  See ECF No. 21 (granting the parties' stipulation to continue deadlines).  The Court ultimately finds that Plaintiff has not been diligent in seeking to file an amended complaint and thus, it need not evaluate Plaintiff's Motion under Rule 15(a).[5]

  For the foregoing reasons, Plaintiff's Motion for Leave to File a First Amended Complaint, ECF No. 23, is DENIED, and his Motion to Strike Defendant's Objection, ECF No. 26, is DENIED as moot.  Not later than thirty (30) days from the issuance of this Order, the parties shall file a Joint Notice of Trial Readiness as required under this Court's Pretrial Scheduling Order.  See ECF No. 2, at 5–6.

  IT IS SO ORDERED.

Dated:  September 18, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[5] Defendant did not file an opposition to the pending Motion, but instead, on August 22, 2023, it filed Objections to Plaintiff's Motion, which the Court construes as an untimely opposition brief.  See ECF No. 26.  Defendant states that it files "this written objection because the oral hearing at which Defendant could raise its objection was vacated by text order."  Id. at 1.  However, that same order stated that any opposition shall be filed in accordance with Local Rule 230(c), which requires oppositions to be filed and served within 14 days after the motion was filed.  See ECF No. 24.  The Court admonishes Defendant and its counsel for not complying with the Court's Order and the Local Rules.  Regardless, the Court has an independent duty to analyze the merits of Plaintiff's Motion and as explained above, the Court finds amendment to the Complaint is not warranted at this stage in the litigation.  Accordingly, Plaintiff's Motion to Strike Defendant's Objection, ECF No. 28, is DENIED as moot.