UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baugher Ranch Organics,<br><br>     Plaintiff/Counter-Defendant,<br><br> v.<br><br>Great Host International, Inc., dba Andalucia Nuts,<br><br>     Defendant/Counter-Claimant. | No. 2:21-cv-00646-KJM-SCR<br><br>FINAL PRETRIAL ORDER |

On August 23, 2024, the court conducted a final pretrial conference. Mark Ellis and Lawrence K. Iglesias appeared for plaintiff and counter-defendant Baugher Ranch Organics. Haroon Rafati appeared for defendant and counter-claimant Great Host International, Inc. After hearing, and good cause appearing, the court makes the following findings and orders:

**JURISDICTION AND VENUE**

This court has subject matter jurisdiction under 28 U.S.C. § 1332. The parties further agree removal was proper under 28 U.S.C. § 1441. Jurisdiction and venue are not contested.

**JURY / NON-JURY**

Both parties request a jury trial. The jury will be composed of eight (8) jurors.

**UNDISPUTED FACTS**

1. On January 12, 2020, Baugher agreed to sell Andalucia 42,000 pounds of raw organic almonds.
2. Andalucia received 42,000 pounds of almonds from Baugher at the price of $4.90 per pound.
3. On July 13, 2020, the almonds were shipped in twenty-one (21) totes, which Andalucia received as lot LZPO00124.
4. On January 4, 2021, Baugher received an email notice from Andalucia alleging mold growth in nine (9) totes.

**DISPUTED FACTUAL ISSUES**

1. Whether Andalucia notified Baugher about the moldy almonds on October 14, 2020.

Baugher asserts the following factual issues are also disputed:

2. Whether on June 30, 2020, Andalucia's Quality Assurance Manager endorsed instructions regarding the proper storage of the raw organic almonds Baugher sold to Andalucia.
3. Whether on July 13, 2020, Baugher delivered 42,000 pounds of raw organic almonds F.O.B. to Andalucia's carrier pursuant to the parties' agreement.
4. Whether, prior to shipment, the raw organic almonds were successfully subjected to USDA quality control inspection and grading.
5. Whether, prior to shipment, the raw organic almonds were successfully processed and inspected for defects, including mold, according to the industry standards of the Almond Board of California.
6. Whether, at the time of delivery, Baugher inspected the physical condition of Andalucia's designated carrier truck and checked for odors, insects, rodents and chemicals.

/////

/////

7. Whether, upon delivery of the raw organic almonds on July 13, 2020, Baugher invoiced Andalucia $205,940, due in full within thirty (30) days with a 1.5% finance charge for payments not received within thirty (30) days.

8. Whether, on August 25, 2020, Baugher contacted Andalucia about the payment for invoice number 10991 regarding purchase order 4080, which Baugher had not yet received.

9. Whether, on September 14, 2020, Baugher again contacted Andalucia about the outstanding payment and Andalucia responded stating a check had already been sent.

10. Whether on September 15, 2020, Baugher sent Andalucia its ACH payment information.

11. Whether Baugher again contacted Andalucia about the payment status on September 17, 2020, and September 18, 2020.

12. Whether Andalucia responded on September 18, 2020, stating they were aware of the situation and awaiting bank confirmation.

13. Whether Baugher contacted Andalucia on September 25, 2020, stating they had not received payment. Whether Andalucia's Vice President of Operations, Sal Zeini responded later that day stating, "Kevin [Kaplap] please assist [Andalucia] and get cleared up ASAP."

14. Whether Baugher contacted Andalucia on September 28, 2020, requesting an update on payment and Andalucia responded with a FedEx tracking number for the payment.

15. Whether Baugher contacted Andalucia on October 5, 2020, asking Andalucia to void the payment on the check and make the payment via ACH because FedEx showed the package was in the "labeling" stage.

16. Whether Baugher contacted Andalucia four more times between November 11, 2020, and December 14, 2020, requesting updates on payment.

/////

17. Whether Andalucia responded on December 15, 2020, stating they intended to release a partial payment along with a "Baugher Claim Investigation Sheet."

18. Whether Baugher responded to Andalucia on December 15, 2020, stating there had been no prior correspondence about any type of complaint regarding the almonds delivered on July 13, 2020, in connection with Purchase Order 4080.

19. Whether Baugher contacted Andalucia again on December 17, 2020, stating there had been no formal complaint about the almond quality and requesting Andalucia set up ACH payment the next day.

20. Whether on January 4, 2021, Andalucia's Vice President of Operations, Sal Zeini, contacted Baugher's Nisha Carrow stating, "Happy New Year Nisha, I see you were not CC'd on the below.  Looking forward [sic] to closing this issue out promptly and moving forward."  Whether the email contained correspondence between an Andalucia representative and two Baugher representatives on October 14, 2020, in which Zeini stated in part, "[t]his is to notify you that we have seen mold growth in the above ref lot in at least 9 totes.  Please see photos."

21. Whether the email contained photos of the almonds Baugher sent Andalucia in connection with Purchase Order 4080.

22. Whether on January 4, 2021, Baugher requested Andalucia send photos of the moldy totes with Baugher's lot numbers in the pictures, because the photos sent on January 4, 2021, did not contain any identifying information.

23. Whether on January 27, 2021, Baugher again contacted Andalucia stating "I have not received any photos of the moldy totes with our lot numbers.  What is going on?  When will we receive payment?  Lack of communication and no verification does not help this situation."

24. Whether Zeini unilaterally destroyed 18,900 pounds of almonds after discovering mold on the product.

/////

/////

4

25. Whether Andalucia stored the product at a temperature in violation of the specifications Baugher sent to Andalucia's Quality Assurance Manager on June 30, 2020.

Andalucia asserts the following factual issues are disputed:

26. Whether 18,900 pounds of almonds Andalucia received were badly molded, yeast-infected, and rancid, making them unfit for human consumption.

27. Whether these molded almonds caused cross contamination to Andalucia's otherwise good product.

28. Whether Baugher pulled three separate batches from three separate pre-pasteurized lots LZ2O00213 (16,800 pounds), LZ2O00238 (2,100 pounds), and LZ2O00249 (23,100 pounds) to create lot LZPO00124 (42,000 pounds), which was ultimately delivered to Andalucia.

29. Whether Baugher's pre-pasteurization quality control records show that in March 2020, LZ2O00213 (16,800 pounds) contained high moisture content at or near the maximum of 6% and high mold content at levels of 1600cfu/g.

30. Whether LZO00249 (23,100 pounds) had tested at mold levels of only l00cfu/g.

31. Whether on June 17, 2020, Baugher sent three batches to a third-party for steam pasteurization.  Whether this third party tested the almonds for mold after pasteurization.

32. Whether Baugher retested the almonds for mold after receiving them from the pasteurization company.

The parties are **directed to meet and confer** to discuss whether issues 2-32 above are genuinely disputed.  If there is any change in the parties' position such that they agree more facts are not disputed, they shall file with the court **by seven days before the first day of trial** a joint statement identifying those additional undisputed facts.

/////

/////

/////

**SPECIAL FACTUAL INFORMATION FOR CONTRACT DISPUTES**

1. **Terms of the Contract**:

    a. *Baugher's Position*: On June 12, 2020, Andalucia offered to purchase 42,000 pounds of raw organic almonds from Baugher by submitting its purchase order No. 4080. On the same day, Baugher accepted Andalucia's purchase order offer, and confirmed the same by email to Andalucia. On July 13, 2020, Baugher delivered the 42,000 pounds of raw organic almonds F.O.B. to Andalucia's carrier in Orland, California pursuant to the parties' agreement. Upon delivery of the 42,000 pounds of raw organic almonds to Andalucia, Baugher (pursuant to an accommodation to Andalucia) invoiced Andalucia $205,940.00, due in full within 30 days. Purchase order 4080, Baugher's June 12, 2020, email to Andalucia, and Invoice No. 10991 create the terms of the contract.

    b. *Andalucia's Position*: On June 17, 2020, Andalucia agreed to purchase from Baugher and Baugher agreed to sell to Andalucia 42,000 pounds of raw organic almonds via the purchase order 4080 at the price of $4.90 per pound. The contract and the performance of the parties is subject to all the provisions of the Uniform Commercial Code (UCC). The contract included an implied warranty of fitness for particular purpose for the sale of goods as established under the UCC.

2. **Modifications to the Contract**: Baugher states there were no modifications. Andalucia does not state a position.

3. **Misrepresentations of Fact, Mistake, or Other Matter Affecting Validity**: The parties do not dispute the validity of the agreement.

4. **Breach of Contract**:

    a. *Baugher's Position*: Andalucia breached the contract by accepting Baugher's delivery of the subject 42,000 pounds of raw organic almonds on a net thirty (30) basis and refusing to pay Baugher any amount, timely or otherwise.

      b. *Andalucia's Position*: Baugher breached the contract, breached the implied warranty of merchantability, and was negligent by delivering defective almonds. One lot had an excessive and unacceptable moisture content inside the kernels when it was tested prior to shipping. That same lot became infested with mold.

5. **Waiver or Estoppel**:

      a. *Baugher's Position*: Andalucia waived its right to refuse to pay Baugher for its delivery and performance of the contract by not timely refusing its acceptance of the subject almonds and instead waiting months past the date upon which payment was due to Baugher before raising a dubious quality issue and unilaterally destroying the subject almonds without allowing Baugher to inspect them.

      b. *Andalucia's Position*: Andalucia could not have discovered the mold on its initial inspection and notified Baugher immediately upon discovery of the issue. Under UCC sections 2607 and 2608, it timely revoked its acceptance and did not waive its claims and defenses. Further, the UCC provides a four year statute of limitations to bring a cause of action for breach of contract and breach of warranty.

6. **Relief Sought:**

      a. *Baugher's Position*: Baugher seeks damages for breach of contract and legal interest starting from the date of default.

      b. *Andalucia's Position*: Andalucia is excused from and is not obligated to pay for product that was not merchantable. Andalucia seeks damages under breach of contract, breach of warranty, and product liability, including lost profits, compensatory damages and consequential damages.

7. **Measure of Restitution or Damages:**

      a. *Baugher's Position*: Baugher seeks damages for breach of contract in the principal sum of $205,940.00 for the 42,000 pounds of raw organic almonds

7

Andalucia contracted to purchase from Baugher and did in fact accept Baugher's performance of delivering the almonds F.O.B., interest in the sum of 10 percent per annum (legal interest) from and after September 11, 2020, and costs of suit incurred herein.

b. *Andalucia's Position*: Andalucia is excused from and is not obligated to pay for product that was not merchantable. Andalucia seeks damages under breach of contract, breach of warranty, and product liability, including lost profits, compensatory damages and consequential damages.

**DISPUTED EVIDENTIARY ISSUES**

It is Baugher's position that the following evidentiary issues are in dispute:

1. Whether the October 14, 2020, email is authentic.
2. Whether Baugher delivered defective almonds to Andalucia.
3. Whether Andalucia's method of transporting and storing the almonds resulted in the alleged mold growth.

It is Andalucia's position that the following evidentiary issues are in dispute:

4. Whether Baugher has had an issue with molded almonds in the past.
5. Whether the moisture content and likelihood of mold increases during more wet seasons.
6. Whether Baugher's quality control manager was asked if mold was discovered in totes that Baugher received in 2019 and/or was storing in 2020 related to the almonds that Andalucia received.

**STIPULATIONS / AGREED STATEMENTS**

The parties stipulate that Andalucia's offer and Baugher's acceptance and performance constitutes a contract.

**RELIEF SOUGHT**

Baugher seeks damages for breach of contract and interest from the date of default. Specifically, Baugher seeks $205,940.00 for the 42,000 pounds of raw organic almonds plus ten

percent interest from and after September 11, 2020, and legal fees. Andalucia seeks to be excused from any obligation to pay for product that was not merchantable. Andalucia also seeks damages based on breach of contract, breach of warranty and product liability, including lost profits, compensatory and consequential damages.

**POINTS OF LAW**

The parties shall alert the court to disputes about the applicable law and legal standards. Trial briefs addressing these points more completely shall be filed with this court no later than **fourteen days** prior to the date of trial in accordance with Local Rule 285.

**ABANDONED ISSUES**

Neither the parties nor the court have identified any abandoned issues.

**WITNESSES**

Baugher and Andalucia intend to call the following witnesses:

1. Nisha Carrow, Baugher's CEO/President, 7030 Co Rd 25, Orland, CA 95963.
2. Monica Rodriquez, Baugher's Accounting Manager, 7030 Co Rd 25, Orland, CA 95963.
3. Stephanie Ochoa, Baugher's Quality Manager, 7030 Co Rd 25, Orland, CA 95963.
4. Shahid Iqbal, Baugher's IT Technician and Owner of Computers Plus, 2477 Forest Ave STE 150, Chico, CA 95928.
5. Sal Zeini, Andalucia's Vice President of Operations, summoned through attorney of record, Haroon Rafati.

A. The court will not permit any other witness to testify unless:

(1) The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference, or

/////

(2) The witness was discovered after the pretrial conference and the proffering party makes the showing required in "B," below.

B. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:

(1) The witness could not reasonably have been discovered prior to the discovery cutoff;

(2) The court and opposing parties were promptly notified upon discovery of the witness;

(3) If time permitted, the party proffered the witness for deposition; and

(4) If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

**EXHIBITS, SCHEDULES AND SUMMARIES**

Plaintiff's exhibits are identified on attachment one. At trial, plaintiff's exhibits shall be listed numerically. Defendant's exhibits are identified on attachment two. At trial, defendant's exhibits shall be listed alphabetically, first A, B, C, etc., then AB, AB, AC, etc., then BA, BB, BC, and so on through ZZ. The court encourages the parties to generate a joint exhibit list to the extent possible. Joint Exhibits shall be identified as JX and listed numerically, e.g., JX-1, JX-2.

All exhibits must be premarked.

The parties must prepare exhibit binders for use by the court at trial, with a side tab identifying each exhibit in accordance with the specifications above. Each binder shall have an identification label on the front and spine.

The parties must exchange exhibits no later than **twenty-eight days before trial**. Any objections to exhibits are due no later than **fourteen days before trial**.

A. The court will not admit exhibits other than those identified on the exhibit lists referenced above unless:

/////

    1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or

    2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in Paragraph "B," below.

  B. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the court and opposing parties of the existence of such exhibits so that the court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:

    1. The exhibits could not reasonably have been discovered earlier;

    2. The court and the opposing parties were promptly informed of their existence;

    3. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party.  If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**DEPOSITION TRANSCRIPTS**

  Counsel must lodge the sealed original copy of any deposition transcript to be used at trial with the Clerk of the Court on the first day of trial.

**FURTHER DISCOVERY OR MOTIONS**

  Discovery is closed and the deadline to file dispositive motions has passed.

**AMENDMENTS AND DISMISSALS**

  The parties do not request any amendments to the pleadings, dismissals, additions or substitutions of parties, or dispositions as to defaulting parties.

**SETTLEMENT**

  Baugher believes the parties could settle before trial.  Andalucia does not.  Given that the parties previously appeared for settlement before a magistrate judge, without reaching a

settlement, the court does not plan to refer the case to court-convened settlement again. If however the parties jointly determine an additional court-convened settlement conference would be of value, they shall notify the court promptly and well before trial upon making such a determination.

**MOTIONS *IN LIMINE***

Baugher has filed one motion *in limine*, which Andalucia has opposed. Any reply must be filed **no later than twenty-one days before the first day of trial**. Andalucia may file an additional motion *in limine* as discussed at hearing. This motion must be filed no later than **forty-two days before the first day of trial**. Any opposition to this motion *in limine* must be filed no later than **twenty-eight days before the first day of trial.** Any reply must be filed no later than **twenty-one days before the first day of trial.** The court anticipates resolving both motions *in limine* by bench order on the first day of trial.

**JOINT STATEMENT OF THE CASE**

This case involves a dispute between a seller of raw organic almonds, plaintiff Baugher Ranch Organics, and a buyer of the almonds, defendant Great Host International, Inc., dba Andalucia Nuts.

On June 17, 2020, Andalucia ordered 42,000 lbs. of almonds from Baugher for a total price of $205,940.00. On July 13, 2020, the almonds were shipped by Baugher and received by Andalucia.

Andalucia alleges that 18,900 lbs. of the almonds it received were defective, due to mold and yeast infection and that it is entitled to a credit of $92,610.00 for that portion of the almonds. Baugher alleges that no portion of the almonds were defective when shipped.

Baugher has not agreed to give Andalucia credit for any portion of the almonds. Andalucia has not paid Baugher for any portion of the almonds.

Baugher seeks payment for the full agreed price of $205,940.00, plus interest. Andalucia seeks a credit of $92,610.00, plus interest.

**SEPARATE TRIAL OF ISSUES**

There will be no separate trial of issues.

**IMPARTIAL EXPERTS OR LIMITATIONS OF EXPERTS**

The court will not appoint an impartial expert witness or at this point limit the number of expert witnesses, subject to the prevailing rules, other provisions of this order and other court orders applicable to the calling of expert witnesses.

**ATTORNEYS' FEES**

Baugher does not believe either of the parties has a right to attorneys' fees based on any law or contract. Andalucia will seek attorney's fees as damages for defending, in equity, and in relation to all fees incurred post-settlement based on Baugher's rejection of a reasonable settlement nearly equal to Baugher's claim. Andalucia may make a Rule 68 Offer of Judgment before trial.

**TRIAL DATE AND ESTIMATED LENGTH OF TRIAL**

The jury trial is set for **October 28, 2024 at 9:00 a.m.** in Courtroom Three before the Honorable Kimberly J. Mueller. Trial is anticipated to last **three** days. The parties are directed to Judge Mueller's trial schedule outlined on her web page on the court's website.

**PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS**

The parties shall file any proposed jury voir dire seven days before trial. Each party will be limited to ten minutes of jury voir dire.

The court directs counsel to meet and confer in an attempt to generate a joint set of jury instructions and verdicts. The parties shall file any such joint set of instructions fourteen days before trial, identified as "Jury Instructions and Verdicts Without Objection." To the extent the parties are unable to agree on all or some instructions and verdicts, their respective proposed instructions are due fourteen days before trial.

Counsel shall e-mail a copy of all proposed jury instructions and verdicts, whether agreed or disputed, as a word document to kjmorders@caed.uscourts.gov no later than fourteen days before trial; all blanks in form instructions should be completed and all brackets removed.

Objections to proposed jury instructions must be filed seven days before trial; each objection shall identify the challenged instruction and shall provide a concise explanation of the basis for the objection along with citation of authority.  When applicable, the objecting party shall submit an alternative proposed instruction on the issue or identify which of his or her own proposed instructions covers the subject.

**OBJECTIONS PERIOD**

Each party is granted fourteen days from the date of this order to file objections to this order.  If no objections are filed, the order will become final without further order of this court.

DATED: September 6, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE

ATTACHMENT 1: PLAINTIFF'S EXHIBIT LIST

| Exhibit No. | Summary |
| --- | --- |
| 1. | Andalucia's Purchase Order No. 4080, dated June 12, 2020. |
| 2. | E-mail memorializing Baugher's acceptance of Andalucia's Purchase Order dated June 12, 2020. |
| 3. | Product Specification Document# PS-05 endorsed by Andalucia's Quality Assurance Manager. |
| 4. | Baugher's Certification of USDA Organic Regulations. |
| 5. | Various Quality Inspection and Treatment records including analytics related to Baugher's subject almonds |
| 6. | Invoice No. 10991 related to Purchase Order No. 4080, dated July 13, 2020. |
| 7. | August 25, 2020 e-mail from Baugher to Andalucia reminding payment was due for the subject almonds. |
| 8 | September 14, 2020 e-mail from Baugher to Andalucia reminding payment was due for the subject almonds. |
| 9. | September 14, 2020 e-mail from Andalucia to Baugher representing that payment was made for the subject almonds on August 17, 2020 with check #25253. |
| 10. | September 15, 2020 e-mail from Baugher to Andalucia stating that check #25253 had not been received and providing ACH payment information. |
| 11. | September 15, 2020 e-mail from Baugher to Andalucia providing ACH payment information. |
| 12. | September 17, 2020 e-mail from Baugher to Andalucia requesting payment status in connection with Purchase Order 4080. |
| 13. | September 1 7, 2020 e-mail from Baugher to Andalucia expressing concern about the lack of payment in connection with Purchase |

| | |
|---|---|
| | Order 4080 and otherwise lack of correspondence regarding payment or feedback from Andalucia's accounting department. |
| 14. | September 18, 2020 e-mail from Andalucia to Baugher stating that the check for payment could be lost and that Andalucia's accounts payable department would reissue the check sent to Baugher with tracking information. |
| 15. | September 18, 2020 e-mail from Baugher to Andalucia requesting payment an update on when payment will be sent or if Andalucia will pay via ACH. |
| 16. | September 18, 2020 e-mail from Andalucia to Baugher stating Andalucia was waiting on confirmation from its bank to make the payment and representing it would reissue a check and send it via FedEx. |
| 17. | September 18, 2020 e-mail from Baugher to Andalucia requesting the FedEx tracking number once the reissued check was sent. |
| 18. | September 25, 2020 e-mail from Baugher to Andalucia reiterating that payment in connection with Purchase Order 4080 still had not been received and requesting status of the payment. |
| 19. | September 25, 2020 e-mail from Andalucia to Baugher regarding clearing up the payment issue. |
| 20. | September 25, 2020 e-mail from Baugher to Andalucia reaffirming that payment had not been received and stating the invoice was due August 12, 2020. |
| 21. | September 25, 2020 e-mail from Andalucia to Baugher stating Andalucia did not receive its bank's confirmation until just prior. |
| 22. | September 28, 2020 e-mail from Baugher to Andalucia requesting whether payment had been issued, requesting the payment be shipped overnight, and requesting a FedEx tracking number. |
| 23. | September 28, 2020 e-mail from Andalucia to Baugher confirming payment had been reissued and providing a tracking number for the |

|     |     |
| --- | --- |
|     | payment of 771651409660. |
| 24. | September 29, 2020 e-mail from Baugher to Andalucia requesting whether FedEx had picked up the payment check, and indicating that FedEx states the label has been created but not shipped yet. |
| 25. | October 5, 2020 e-mail from Baugher to Andalucia indicating that FedEx still showed the shipment of the payment check was still showing it was in the labeling stage, and requesting Andalucia to void the check and make the payment via ACH. |
| 26  | November 11, 2020 e-mail from Baugher to Andalucia requesting an update as to when the payment would be received. |
| 27. | November 16, 2020 e-mail from Baugher to Andalucia informing Andalucia that it was not 120s past due on payment of invoice number 10991 in connection with Purchase Order 4080. |
| 28. | December 1, 2020 e-mail from Baugher to Andalucia inquiring again about payment of invoice number 10991 in connection with Purchase Order 4080. |
| 29. | December 14, 2020 e-mail from Baugher to Andalucia again requesting payment of invoice number 10991 in connection with Purchase Order 4080 via ACH. |
| 30. | December 15, 2020 e-mail from Andalucia to Baugher indicating that it intended to only release a partial payment and attaching a "Baugher Claim Investigation Sheet." |
| 31. | Baugher Claim Investigation Sheet attached to Andalucia's December 15, 2020 e-mail. |
| 32. | December 15, 2020 e-mail from Baugher to Andalucia stating that there had been zero communication from Andalucia about any type of complaint regarding the subject almonds delivered on July 13, 2020 in connection with Purchase Order 4080. |
| 33. | December 17, 2020 e-mail from Baugher to Andalucia notifying Andalucia that no formal complaint about the quality of the subject |

|     |     |
| --- | --- |
|     | almonds had been made until then and requesting Andalucia make the payment via ACH the next day for payment of invoice 10991. |
| 34. | January 4, 2021 e-mail from Andalucia to Baugher attaching a purported email from October 14, 2020 from Andalucia to Baugher, which alleged mold growth had been found in at least 9 totes of the subject almonds. |
| 35. | January 4, 2021 e-mail from Baugher to Andalucia requesting photos of the allegedly moldy totes of almonds with Baugher's associated lot numbers. |
| 36. | January 27, 2021 e-mail from Baugher to Andalucia indicating Baugher had not received any photographs of the allegedly moldy totes of almonds with Baugher's lot numbers and requesting again when Baugher will receive payment. |
| 37. | Civil complaint styled *JSS Almonds, LLC v. Andalucia Nuts,* County of Kem, Case No. BCV-20-101673, filed 7/20/2020. |
| 38. | Deposition Transcript of Sal Zeini. |

## ATTACHMENT 2: DEFENDANT'S EXHIBIT LIST

| Exhibit No. | Summary |
| --- | --- |
| 1. | Baugher's production summary for the three lots pulled to create the shipment to Andalucia. |
| 2. | Baugher's Certificate of analyses from MERIEUX |
| 3. | Baugher's Certificate of Treatment from CCP |
| 4. | Baugher's Receiving Inspections for the related lots |
| 5. | Baugher's Dispatch report for Andalucia's shipment |
| 6. | Baugher's COA to Andalucia, no moisture readings |
| 7. | Baugher's invoice. Past due amounts 1.5% |
| 8. | Shipping Order |
| 9. | Packing Instructions - moisture and steam cert referenced |
| 10. | Dispatch order to Baugher's production team June 17, 2020, one month prior to shipping. |
| 11. | Bills of Lading |
| 12. | Shipping Order |
| 13. | COA |
| 14. | Baugher Responses to Rogs |
| 15. | Baugher Responses to RFP |
| 16. | Discovery Transcript and Exhibit - Nisha Carrow |
| 17. | Discovery Transcript and Exhibit - Stephania Ochoa |
| 18. | Andalucia's photos of mold, email notice, cleaning documents for mold in lot. |